# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# WACO DIVISION

| | |
|---|---|
| TOT POWER CONTROL, S.L., <br><br> Plaintiff, <br><br> vs. <br><br> AT&T MOBILITY LLC, <br><br> Defendant, <br><br> ERICSSON INC., <br><br> Intervenor. | Case No. 6:21-cv-00107-ADA <br><br> **JURY TRIAL DEMANDED** |

**MOVANT-INTERVENOR ERICSSON INC.'S
MOTION FOR LEAVE TO INTERVENE**

Pursuant to Federal Rule of Civil Procedure 24, Movant-Intervenor Ericsson Inc. ("Ericsson") respectfully moves for leave to intervene as a defendant in the above-titled case ("Ericsson's Motion" or "Motion").  Plaintiff TOT Power Control, S.L. ("TOT" or "Plaintiff") opposes the motion.  However, as detailed more fully below, Ericsson has demonstrated Constitutional standing to intervene and satisfies the requirement for intervention as a matter of law under Federal Rule of Civil Procedure 24(a), and, alternatively, permissive intervention under Rule 24(b).  For these reasons, and because Defendant AT&T Mobility LLC ( "AT&T" or "Defendant") is not opposed to Ericsson's intervention, Ericsson respectfully requests that the Court grant it leave to intervene and file a responsive pleading in intervention within forty-eight (48) hours of its Motion being granted.[1]

## I.   INTRODUCTION

Plaintiff sued AT&T, one of Ericsson's customers, on February 1, 2021, asserting a total of two patents (collectively, "Patents-in-Suit") (Dkt. 2) ("Pl.'s Compl." or the "Complaint")).[2] Ericsson seeks to intervene so that the dispute between Ericsson and TOT may be efficiently disposed of in the pending proceeding.

In its Complaint, TOT alleges that AT&T infringes the Patents-in-Suit "through the structure and operation of the WCDMA base transmission stations ('BTS') that [AT&T] have employed and continue to employ."  Dkt. 2 ¶ 30.  Ericsson provides AT&T with certain types of network equipment that TOT identifies in its Complaint.  Indeed, according to TOT, the accused

---

[1] In accordance with Federal Rule of Civil Procedure 24(c), a copy of Ericsson's proposed Answer in Intervention and Counterclaims is attached as Exhibit 1.

[2] On the same day, TOT brought other actions including against T-Mobile.  *See TOT Power Control, S.L. v. T-Mobile US, Inc.*, Case No. 6:21-cv-00109.  Ericsson is filing a motion to intervene in that case on the same grounds as this Motion.

"WCDMA BTS are supplied to [AT&T] by, among others, Nokia and *Ericsson*, and include Radio network Controllers ('RNC') and NodeBs." *Id.* (emphasis added); *see also id.* ¶ 22 ("TOT shared the techniques of the Patents-in-Suit with Defendants' base station equipment suppliers, including Nokia and Ericsson, who surreptitiously adopted the patented techniques of Patents-in-Suit without approval, authority, or license to do so.").[3]  As a result of Ericsson's supply of 3G WCDMA telecommunications equipment to AT&T, AT&T has tendered a demand that Ericsson indemnify and defend AT&T pursuant to the terms of the agreement under which Ericsson supplies this network equipment.

Accordingly, Ericsson seeks to intervene because it sells equipment and technology to AT&T that TOT accuses of infringement.  As the designer, manufacturer, and distributor of the accused equipment and technology, Ericsson has a substantial interest in the litigation and is in the best position to defend against certain of TOT's claims.  Ericsson's Motion is timely, and no existing party will suffer prejudice if Ericsson intervenes. Moreover, Ericsson's intervention will not result in the case being delayed.  Thus, Ericsson respectfully requests the Court's permission to intervene as a matter of right under Federal Rule of Civil Procedure 24(a) or, alternatively, that the Court allow intervention under Rule 24(b).

## II.   STATEMENT OF FACTS

### A.   Plaintiff Accuses AT&T Network Equipment Supplied to AT&T by Ericsson of Infringement[4]

TOT accuses AT&T of infringing the Patents-in-Suit because of AT&T's use and implementation of allegedly infringing 3G WCDMA cellular wireless networks.  Dkt. 2 ¶¶ 22, 28-

---

[3] Any terms not defined herein have the definitions given to them in TOT's Complaint.

[4] The scope of TOT's infringement allegations also includes certain network equipment and technology that AT&T may purchase from other suppliers (*e.g.*, Nokia).  Ericsson lacks information about those other suppliers' network equipment and technology.

37, 39-46.  Ericsson supplies, among other things, equipment and technology incorporated by AT&T into these cellular networks.  In general, this network equipment and technology is interoperable with the 3rd Generation Partnership Project standards ("3GPP").

Ericsson supplies several types of network equipment and technology to AT&T, and Ericsson's entry into the case will facilitate discovery related to this equipment and technology.  For example, for the Ericsson-supplied equipment and technology, the documents and other tangible evidence, including equipment specifications, likely reside with Ericsson.  As a result, Ericsson's entry into the case should streamline and simplify this litigation, especially as it relates to the Ericsson-supplied network equipment and technology that TOT alleges to infringe in its Complaint.

For example, Ericsson supplies base stations, including base transceiver stations ("BTSs" or "NodeB(s)"), and Radio Network Controllers ("RNC(s)"), to AT&T.  These base stations are interoperable with WCDMA-based 3G. Ericsson provides base stations and the technology enabling them to AT&T.  In this case, TOT asserts that "Defendants infringe claim 1 of the '865 Patent through the operations performed by the WCDMA BTS that Defendants have employed and continue to employ.  These WCDMA BTS are supplied to Defendants by, among others, Nokia and Ericsson, and include Radio Network Controllers ('RNC') and Node-Bs."  Dkt 1. ¶ 41; *see also id.* ¶30 ("Defendants infringe claim 6 of the '376 Patent through the structure and operation of the WCDMA base transmission stations ("BTS") that Defendants have employed and continue to employ. These WCDMA BTS are supplied to Defendants by, among others, Nokia and Ericsson, and include Radio Network Controllers ("RNC") and Node-Bs.").

In short, Ericsson-supplied network equipment and technology is integral to the resolution of this case, and Ericsson has a substantial interest in protecting its equipment and technology.

B.  **AT&T Has Tendered an Indemnity Demand to Ericsson, and Ericsson Has a Substantial and Direct Interest in Protecting Its Customers' Use of Ericsson Equipment and Technology**

Ericsson's customer, AT&T, has demanded indemnification of all costs and expenses incurred or to be incurred by AT&T with respect to this action based on the parties' contractual agreement for AT&T's purchase of the network equipment and/or technology described above. TOT's allegations, on their face, include assertions against network equipment and/or technology of the type that Ericsson supplies. In light of the indemnification provisions contained in Ericsson's supply agreement with AT&T, there can be no serious dispute that Ericsson may be injured if not permitted to intervene in this suit.

C.  **This Case Is at an Early Stage in the Litigation.**

Currently no activity has occurred in this case that weighs against intervention. TOT filed its Complaint on February 1, 2021, and AT&T filed its answer on April 12, 2020. Dkt. 21. The parties filed a case readiness statement on April 21, 2021. Dkt. 24. A case management conference has not yet been set. No protective order has been entered. This case is at an early stage and intervention will cause no harm or delay to TOT or to the Court's schedule.

III.  **ARGUMENT**

Ericsson supplies base stations, including BTSs and NodeBs, to AT&T that are incorporated by AT&T into AT&T's 3G WCDMA cellular network. AT&T, who has been accused of infringement by the Plaintiff (*see generally* Dkt. 2), has tendered an indemnity demand to Ericsson. This case thus presents a justiciable controversy as to Ericsson. Ericsson, as the designer, manufacturer, and distributor of certain base stations, including NodeBs and BTSs, to AT&T, is in the best position to defend infringement claims against its equipment and technology. "'[I]t is a simple fact of life that a manufacturer must protect its customers, either as a matter of contract, or good business, or in order to avoid the damaging impact of an adverse ruling against

its products.'" *Katz v. Lear Siegler, Inc.*, 909 F.2d 1459, 1464 (Fed. Cir. 1990) (quoting *Codex Corp. v. Milgo Elec. Corp.*, 553 F.2d 735, 737-38 (1st Cir. 1977)).

Ericsson is entitled to intervene as a matter of right under Federal Rule of Civil Procedure 24(a) and permissively under Rule 24(b). Ericsson requests that the Court grant its Motion and permit intervention in this matter. Intervention will allow Ericsson to protect its equipment and technology from a charge of infringement.

### A. Mandatory Intervention

Federal Rule of Civil Procedure 24(a)(2) provides that

> [o]n timely motion, the court must permit anyone to intervene who: . . . claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

A proposed intervenor is entitled to mandatory intervention if all of the following elements are satisfied:

> "(1) the application for intervention must be timely; (2) the applicant must have an interest relating to the property or transaction which is the subject of the action; (3) the applicant must be so situated that the disposition of the action may, as a practical matter, impair or impede his ability to protect that interest; [and] (4) the applicant's interest must be inadequately represented by the existing parties to the suit."

*Texas v. United States*, 805 F.3d 653, 657 (5th Cir. 2015) (*New Orleans Pub. Serv., Inc. v. United Gas Pipe Line Co.*, 732 F.2d 452, 463 (5th Cir. 1984) (*en banc*)). Ericsson satisfies each element required for intervention as a matter of right.

First, Ericsson's Motion is timely, as it has been a little over three months since Plaintiff filed its Complaint. *See e.g.*, *Edwards v. City of Houston*, 78 F.3d 983, 1000-01 (5th Cir. 1996) (en banc) (citing Fifth Circuit intervention cases finding that delays as long as five months or more are not unreasonable); *Team Worldwide Corp. v. Wal-Mart Stores, Inc.*, No. 2:17-CV-00235-JRG, 2017 U.S. Dist. LEXIS 201769, at *9 (E.D. Tex. 2017) (Gilstrap, J.) (finding that a period of four

months did not constitute impermissible delay); *Ericsson Inc. v. D-Link Sys., Inc.*, No. 6:10-cv-473 (E.D. Tex. May 4, 2012), Dkt. No. 205 (granting Intel's partially opposed motion to intervene filed five months after the scheduling conference took place and nearly one year into the case). Furthermore, while TOT has stated that it will oppose this Motion, there is no allegation that Plaintiff is prejudiced by the timing of Ericsson's Motion. However, even if there were such an allegation, there is no basis for finding prejudice as discovery has not opened, claim construction has not begun, and a trial date has not yet been set. *See Wal-Mart Stores, Inc. v. Tex. Alcoholic Bev. Comm'n*, 834 F.3d 562, 565 (5th Cir. 2016) ("Because the Association sought intervention before discovery progressed and because it did not seek to delay or reconsider phases of the litigation that had already concluded, the Association's motion was timely").

Second, Ericsson has a substantial interest in defending its equipment and technology. Based on the allegations in Plaintiff's Complaint, it appears that Plaintiff is accusing Ericsson base stations, including NodeBs and BTSs, of infringing the Patents-in-Suit. Courts routinely recognize that developers, manufacturers, and distributors of accused equipment and technology, such as Ericsson, have a considerable interest in patent litigations against their customers. *See, e.g.*, *U.S. Ethernet Innovations, LLC v. Acer, Inc.*, No. 6:09-cv-448-JDL, 2010 U.S. Dist. LEXIS 150649, at *13 (E.D. Tex. May 10, 2010) (Love, J.) ("[A] manufacturer such as Intel faces the loss of its customer base and reputation as a result of patent infringement allegations." (citation omitted)). Ericsson also has a financial stake in this litigation, as AT&T has demanded indemnity from Ericsson for its use of Ericsson's equipment and technology. *See e.g.*, *First Gibraltar Bank v. Bradley*, No. 95-20500, 1996 U.S. App. LEXIS 43235, at *12 (5th Cir. Sept. 10, 1996) (unpublished) ("Given the agency's obligation to indemnify … , [the agency] had a concrete financial interest in the litigation that would justify its status as [an intervenor.]"); *Kadlec Med.*

*Ctr. v. Lakeview Anesthesia Assocs.*, No. 04-997, 2004 Dist. LEXIS 18277, at *2 (E.D. La. Sept. 10, 2004) (Where the named defendant "will seek indemnification against [the intervenor]," the interest requirement is met by the intervenor's "interest in having its obligations under the [indemnification agreement] established … .").

Third, Ericsson's interests may be impaired because (1) Ericsson's obligations impute responsibilities for potential money judgments; (2) adverse rulings could impact Ericsson's relationships with its customers; and (3) an adverse judgment could also create precedent that could be used against Ericsson and its customers in other proceedings related to Ericsson equipment, software, and technology. *See, e.g.*, *Heaton v. Monogram Credit Card Bank*, 297 F.3d 416, 424 (5th Cir. 2002) (the potential "stare decisis effect of an adverse judgment constitutes a sufficient impairment to compel intervention") (citation omitted)); *Katz*, 909 F.2d at 1464 ("'[I]t is a simple fact of life that a manufacturer must protect its customers, either as a matter of contract, or good business, or in order to avoid the damaging impact of an adverse ruling against its products.'" (citation omitted)); *Team Worldwide Corp.*, 2017 U.S. Dist. LEXIS 201769, at *13 ("[T]he ongoing sale and distribution of [the intervenor's] products is put at risk by [the plaintiff's] allegations of infringement.").

Finally, the existing parties are not situated to represent Ericsson's interests. As the designer and manufacturer of equipment and technology at issue in this litigation, Ericsson is uniquely situated to understand and defend its own products. Indeed, as the product designer and keeper of key relevant technical documents, Ericsson is the single most important source of information about its equipment and technology. Thus, Ericsson is capable of presenting a defense in support of its interests that could not be presented by AT&T alone. *See Sw. Bell Tel., L.P. v. Arthur Collins, Inc.*, No. 3:04-cv-00669 (N.D. Tex. Jan. 28, 2005), Dkt. No. 50 at 5 (finding under

the inadequate representation inquiry that "the customer would not be the best source for providing the detailed information about the [intervenor-manufacturer's] products."). Accordingly, Ericsson has met its burden of demonstrating its need to independently defend its own equipment and technology.

### B.     Permissive Intervention

A second, independent basis for granting Ericsson's Motion is permissive intervention. Federal Rule of Civil Procedure 24(b) requires only that the prospective intervenor have "a claim or defense that shares with the main action a common question of law or fact," and that the motion for intervention be timely filed.  The claims and defenses that Ericsson intends to plead share an abundance of common questions of law and fact with the main action. For instance, Ericsson will raise defenses of non-infringement and invalidity against the Plaintiff.  The determination of validity necessarily involves the resolution of legal and factual issues within the scope of 35 U.S.C. §§ 101, 102, 103, 112, and/or 116. Any validity defense raised by AT&T will involve similar legal and factual issues.  These overlapping factual issues are sufficient to warrant permissive intervention.  *See Team Worldwide Corp.*, 2017 U.S. Dist. LEXIS 201769, at *19-20.

Moreover, as discussed in more detail above, Ericsson's Motion is timely and will not unduly delay the proceedings or unduly prejudice the original parties, as evidenced by the fact that AT&T does not oppose this Motion.  Furthermore, intervention in this case promotes both fairness and judicial economy given that Ericsson's indemnification obligations to AT&T and that Ericsson's equipment and technology is directly at issue in this litigation.  As permissive intervention is "wholly discretionary," the lack of prejudice or delay and the promotion of fairness and judicial economy further support granting Ericsson's Motion.  *New Orleans Pub. Serv.*, 732 F.2d at 470-71.

9

## IV. CONCLUSION

For the foregoing reasons, Ericsson respectfully requests that the Court enter an order granting Ericsson leave to intervene, either as a matter of right under Federal Rule of Civil Procedure 24(a) or permissively under Rule 24(b). Ericsson further requests that it be granted leave to file a responsive pleading in intervention within forty-eight (48) hours of its Motion being granted.

Dated: May 7, 2021

Respectfully submitted,

By: */s/ Gilbert A. Greene*
Gilbert A. Greene (TX Bar #24045976)
Email: BGreene@duanemorris.com
**DUANE MORRIS LLP**
Las Cimas IV
900 S. Capital of Texas Highway, Suite 300
Austin, TX 78746
Telephone: (512) 277-2246
Facsimile: (512) 597-0703

John R. Gibson (GA Bar #454507)
Email: jrgibson@duanemorris.com
(*pro hac vice* granted)
David C. Dotson (GA Bar # 138040)
Email: dcdoton@duanemorris.com
(*pro hac vice* to be submitted)
**DUANE MORRIS LLP**
1075 Peachtree Street NE, Suite 1700
Atlanta, GA 30309
Telephone: (404) 253-6900
Facsimile: (404) 253-6901

Joseph A. Powers (PA Bar #84590)
Email: JAPowers@duanemorris.com
(*pro hac vice* to be submitted)
**DUANE MORRIS LLP**
30 South 17th Street
Philadelphia, PA 19103
Telephone: (215) 979-1000
Facsimile: (215)-979-1020

Kevin P. Anderson (DC Bar #476504 - NC Bar #29083)
Email: KPAnderson@duanemorris.com

(*pro hac vice* to be submitted)
**DUANE MORRIS LLP**
Duane Morris LLP
505 9th Street, N.W., Suite 1000
Washington, DC 20004-2166
Telephone: (202) 776-7800
Facsimile: (202) 776-7801

***ATTORNEYS FOR MOVANT-INTERVENOR ERICSSON INC.***

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that this document was filed electronically on May 7, 2021 pursuant to Local Civil Rule CV-5(a) and has been served on all counsel who are deemed to have consented to electronic service.

/s/ *Gilbert A. Greene*
Gilbert A. Greene

## CERTIFICATE OF CONFERENCE

The undersigned hereby certifies that pursuant to Local Rules CV-7(h) and (i), counsel for Movant-Intervenor Ericsson Inc. conferred with counsel for Defendant AT&T, as well as with counsel for TOT, regarding this Motion. AT&T does not oppose, while TOT does.

/s/ *Gilbert A. Greene*
Gilbert A. Greene