IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| TOT POWER CONTROL, S.L., <br>     Plaintiff, <br><br> v. <br><br> AT&T MOBILITY LLC, <br>     Defendant, <br><br> NOKIA OF AMERICA CORPORATION, <br>     Intervenor, <br><br> ERICSSON INC., <br>     Movant-Intervenor. | § § § § § § § § § § § § § §     6:21-CV-00107-ADA |

**MEMORANDUM OPINION AND ORDER GRANTING ERICSSON'S MOTION
FOR LEAVE TO INTERVENE [ECF No. 26]**

Came on for consideration this date is Ericsson Inc.'s Motion for Leave to Intervene (the "Motion"). ECF No. 26. TOT Power Control, S.L. ("TOT") filed an opposition to the Motion on June 11, 2021, ECF No. 36, to which Ericsson Inc. ("Ericsson") replied on June 18, 2021, ECF No. 41. Defendant AT&T Mobility LLC ("AT&T") has not opposed the Motion. *See* ECF No. 26 at 2. After careful consideration of the Motion, the Parties' briefs, and the applicable law, the Court **GRANTS** Ericsson's Motion for Leave to Intervene.

**I. BACKGROUND**

In its Complaint, TOT alleges that AT&T infringes U.S. Patent Nos. 7,496, 376 ("the '376 Patent") and 7,532,865 ("the '865 patent") (collectively, the Asserted Patents) "through the structure and operation of the WCDMA base transmission stations ('BTS') that [AT&T] have employed and continue to employ." ECF No. 2 ¶ 30. TOT concedes that "Nokia and Ericsson" provide AT&T with BTSs though not all the allegedly infringing BTSs at issue in this suit. ECF No. 36 at 3 (citing ECF No. 2 ¶¶ 30, 41). AT&T requested indemnity from Ericsson related to

1

TOT's allegations. Ericsson has agreed to indemnify AT&T pursuant to its contractual obligations. *See* ECF No. 41 at 1.

On May 7, 2021, Ericsson filed this Motion. ECF No. 26. On June 8, 2021, Nokia of America Corporation ("Nokia") filed a similar Motion for Leave to Intervene. ECF No. 35. On July 23, 2021, TOT filed a Notice of Non-Opposition to Nokia's Motion to Intervene. ECF No. 53. Nokia and Ericsson are in almost identical positions in this case, yet TOT filed an opposition to Ericsson's Motion. ECF No. ECF No. 36. Ericsson's Motion is now pending before the Court.

## II. ANALYSIS

In reading *Uniloc 2017 LLC v. AT&T Mobility LLC*, No. 2:18-CV-00514-JRG, 2019 U.S. Dist. LEXIS 68817 (E.D. Tex. Apr. 23, 2019), the Court was struck with a sense of déjà vu. The instant Motion implicates *almost* the same cast, in *almost* the same setting, with *almost* the same script. Indeed, TOT's opposition is, in many places, a word-for-word reproduction of the plaintiff's opposition in *Uniloc*. *Compare* ECF No. 36, *with* Plaintiff's Opposition to Ericsson Inc.'s Motion to Intervene as a Defendant, ECF No. 24, *Uniloc 2017*, No. 2:18-cv-00514-JRG (E.D. Tex. Mar. 20, 2019). TOT should not be surprised, then, that this Court's judgment mirrors the *Uniloc* court's judgment: Ericsson may intervene under Federal Rules of Civil Procedure 24(a)(2) and 24(b). TOT's failure to cite and distinguish *Uniloc* shows, at the very least, a lack of courtesy and, it may be said, a lack of respect for this Court's competence. Curiously, TOT also fails to explain why it opposes Ericsson's intervention, but not Nokia's, despite the two intervenors sitting in, as far as the Court can tell, essentially the same position with respect to this suit. With all this in mind, the Court can only surmise that TOT opposed Ericsson's Motion to aggravate Ericsson and this Court.

    A.    **Mandatory Intervention**

A proposed intervenor is entitled to mandatory intervention under Federal Rule of Civil Procedure 24(a)(2) if all the following elements are satisfied:

> (1) the application for intervention must be timely; (2) the applicant must have an interest relating to the property or transaction which is the subject of the action; (3) the applicant must be so situated that the disposition of the action may, as a practical matter, impair or impede his ability to protect that interest; [and] (4) the applicant's interest must be inadequately represented by the existing parties to the suit.

*Texas v. United States*, 805 F.3d 653, 657 (5th Cir. 2015). Having satisfied all four elements, Ericsson sufficiently supported its right to intervene.

### 1. Timely Application

When evaluating timeliness, courts consider four factors: (1) "[t]he length of time during which the would-be intervenor actually knew or reasonably should have known of his interest in the case before he petitioned for leave to intervene;" (2) "[t]he extent of the prejudice that the existing parties to the litigation may suffer as a result of the would-be intervenor's failure to apply for intervention as soon as he actually knew or reasonably should have known of his interest in the case;" (3) "[t]he extent of the prejudice that the would-be intervenor may suffer if his petition for leave to intervene is denied;" and (4) "[t]he existence of unusual circumstances militating either for or against a determination that the application is timely." *Edwards v. City of Houston*, 78 F.3d 983, 1000 (5th Cir. 1996) (citing *Stallworth v. Monsanto, Co.*, 558 F.2d 257, 264 (5th Cir. 1977)). These factors merely supply a framework; timeliness is assessed based on the totality of the circumstances. *Id.*

Ericsson moved to intervene less than four months after TOT filed its complaint. As other courts have recognized, that is not an unreasonable amount of time. *See, e.g.*, *Edwards*, 78 F.3d at 1000–01 ( citing Fifth Circuit intervention cases finding that delays as long as five months or more are not unreasonable); *Team Worldwide Corp. v. Wal-Mart Stores, Inc.*, No. 2:17-CV-00235-JRG,

2017 U.S. Dist. LEXIS 201769, at *9 (E.D. Tex. 2017) (finding that a period of four months did not constitute impermissible delay).

To the extent Ericsson delayed in applying to intervene, TOT has not identified prejudice caused running from that delay. To the contrary, TOT was prepared to agree to Ericsson's intervention, ECF No. 36 at 3, suggesting TOT suffered little or no prejudice from any purported delay.

The Court further finds, as described in more detail below, that Ericsson would be prejudiced by denial of its Motion. TOT's accusations against AT&T cast a cloud over Ericsson's BTSs and, because AT&T may not adequately represent Ericsson, this Court's refusal to permit Ericsson to ward off that cloud here may prejudice Ericsson's business interests.

Finally, TOT airs one unusual circumstance: the specter that once Ericsson intervenes, it will seek to disqualify TOT's main counsel in this case, King & Wood Mallesons LLP ("KWM"), on grounds that KWM represented Ericsson in China on unrelated matters. ECF No. 36 at 9. The Court does not think this bogeyman sufficiently realized to counsel against intervention. Taking these four factors together, the Court concludes that Ericsson's Motion is timely.

   2. <u>Applicant's Interest in the Property</u>

To qualify for mandatory intervention, Ericsson's interest must be "direct, substantial, [and] legally protectable" *Texas*, 805 F.3d at 657, and "go[] beyond a generalized preference that the case come out a certain way." *Sierra Club v. Espy*, 18 F.3d 1202, 1207 (5th Cir. 1994).

TOT argues that Ericsson does not have an interest because "it is not the 'true defendant' because it does not provide all of AT&T's network." ECF No. 36 at 5. The Court disagrees. TOT's complaint concedes that Ericsson supplies some of the accused BTSs. ECF No. 2 ¶¶ 30, 41. That another company supplies other BTSs does not disqualify Ericsson from intervention because,

4

under Rule 24, Ericsson need only have "*an* interest"—not a "complete" or even "dominating" interest. Ericsson does not have to be "the true defendant." The TOT complaint's reference to Ericsson BTSs puts Ericsson's customer base and reputation at risk—"a risk that is only magnified by its indemnity obligation to AT&T." *Uniloc 2017 LLC v. AT&T Mobility LLC*, No. 2:18-CV-00514-JRG, 2019 U.S. Dist. LEXIS 68817, at *9 (E.D. Tex. Apr. 23, 2019) (first citing *U.S. Ethernet Innovations, LLC v. Acer, Inc.*, No. 6:09-cv-448-JDL, 2010 U.S. Dist. LEXIS 150649, at *2 (E.D. Tex. May 10, 2010); and then citing *Kadlec Med. Ctr. v. Lakeview Anesthesia Associates*, No. 04-997, 2004 U.S. Dist. LEXIS 18277, 2004 WL 2035005, at *2 (E.D. La. Sept. 10, 2004)). Accordingly, the Court finds that Ericsson has a direct interest in this lawsuit in satisfaction of Rule 24(a)(2).

### 3. <u>Impairment</u>

Ericsson argues that, absent intervention, its interest may be impaired because:

> (1) Ericsson's obligations impute responsibilities for potential money judgments; (2) adverse rulings could impact Ericsson's relationships with its customers; and (3) an adverse judgment could also create precedent that could be used against Ericsson and its customers in other proceedings related to Ericsson equipment, software, and technology.

ECF No. 26 at 8. Having considered the totality of the circumstances, the Court finds that disposition of this action may, as a practical matter, impair or impede Ericsson's ability to protect its interests. As the manufacturer of some of the accused products, an adverse ruling could certainly "impact[] [its] relationships with other retail customers" and trigger any indemnity obligations similar to the obligation that it owes to AT&T." *Team Worldwide*, 2017 U.S. Dist. LEXIS 201769, 2017 WL 6059303, at *5; *see also Indus. Tech. Rsch. Inst. v. LG Elecs., Inc.*, No. 3:13-cv2016, 2014 U.S. Dist. LEXIS 148865, 2014 WL 5325709, at *11 (S.D. Cal. Oct. 17, 2014) ("As there is no dispute that LG Display may be unable to sell liquid crystal displays to U.S. customers if

5

Plaintiff were to succeed in this litigation, the Court finds that disposition of this action may adversely impair LG Display's significantly protectable interest.").

### 4.   Inadequate Representation

The burden on Ericsson to show that it is not adequately represented here is "minimal" and "satisfied if the applicant shows that the representation of his interest '*may* be' inadequate." *Texas*, 805 F.3d at 661 (internal citation omitted and emphasis added). The burden cannot, however, "be treated as so minimal as to write the requirement completely out of the rule." *Entergy Gulf States La., L.L.C. v. EPA*, 817 F.3d 198, 203 (5th Cir. 2016). A party "must produce something more than speculation as to the purported inadequacy." *League of United Latin Am. Citizens, Council No. 4434 v. Clements*, 884 F.2d 185, 189 (5th Cir. 1989) (quoting *Moosehead Sanitary Dist. v. S.G. Phillips Corp.*, 610 F.2d 49, 54 (1st Cir. 1979)).

The Court agrees with the *Uniloc* court's treatment of this element:

> Understanding that Ericsson's burden is "minimal" and given the liberal application of Rule 24, the Court is not persuaded that AT&T is in the best position to defend Ericsson's interests in this case. Although Ericsson and AT&T may have the same ultimate objective—avoiding or minimizing liability, there is a real possibility that those interests may diverge to the extent AT&T's positions and defenses align with the suppliers of other base stations that are also accused of infringing [TOT's] patent[s]. *See, e.g.*, *Team Worldwide*, 2017 U.S. Dist. LEXIS 201769, 2017 WL 6059303, at *6 (finding inadequate representation because "[e]ach proposed intervenor provides a product sold by Walmart that directly competes with other products, sold by Walmart, including those of the other proposed intervenors" and thus "Walmart's interests . . . may diverge from that of each individual proposed intervenor's interest"). More importantly, while AT&T may have some knowledge relevant to Ericsson's base stations, the Court agrees that Ericsson likely possesses "superior knowledge of how the accused [base stations] are configured and operate" and is thus better situated to understand and defend its own products. *Intellectual Ventures I LLC v. AT&T Mobility LLC*, No. 12-cv-193, 2014 U.S. Dist. LEXIS 125280, 2014 WL 4445953, at*2 (D. Del. Sept. 8, 2014) ("[W]hile Defendants maintain similar interests as Intervenors, they are not as

6

> well-situated to understand and defend Intervenor's products.") . . . .
> No more is required to meet this element of Rule 24(a)(2). *See
> Texas*, 805 F.3d at 661(holding that intervenor "need not show that
> representation by existing parties will be, for certain, inadequate,"
> but only that "his interest 'may be' inadequate") (internal citations
> omitted).

*Uniloc 2017*, 2019 U.S. Dist. LEXIS 68817, at *14–15.

Since Ericsson has met each of the requirements of Rule 24(a)(2), the Court finds that it should be allowed to intervene. The Court finds it difficult to square TOT's opposition to Ericsson's Motion, but not Nokia's motion to intervene, despite Nokia and Ericsson being in seemingly materially identical positions with respect to this case and AT&T. That alone undermines what merit TOT's opposition may have had.

### B.      Permissive Intervention

For completeness and out of an abundance of caution, the Court addresses whether it should permit intervention as a matter of discretion. Federal Rule of Civil Procedure 24(b) requires only that the prospective intervenor have "a claim or defense that shares with the main action a common question of law or fact," and that the motion for intervention be timely filed. TOT alleges that AT&T's use of Ericsson's BTSs infringe certain claims of the Asserted Patents. Both AT&T and Ericsson have raised defenses of non-infringement, invalidity, and others in their respective answers, and "[w]ithin these defenses there are numerous common questions of law and fact, such as: (1) whether the claims asserted in the [Asserted Patents] are valid and enforceable; and (2) whether [Ericsson's] . . . products and [AT&T's] [use] of said products, infringe the [Asserted Patents]." *Team Worldwide*, 2017 U.S. Dist. LEXIS 201769, 2017 WL 6059303, at *7; *Acer*, 2010 U.S. Dist. LEXIS 150649, 2010 WL 11488729, at *2 (permitting manufacturer of accused products to intervene because "it appears that [Intel's product] is central to Dell and Intel's claims for non-infringement, and Intel products are also likely to be implicated in USEI's infringement

case against Dell and other Intel customers"). Permitting intervention would also not be unduly prejudicial. As noted above, Ericsson moved for intervention in the early stages of this case. Fact discovery has not opened and claim construction briefing has not begun. The parties will have ample time to pursue discovery and prepare for both claim construction and trial.

Accordingly, in exercising its discretion, the Court finds that Ericsson should also be allowed to intervene pursuant to Rule 24(b).

### III. CONCLUSION

It is therefore **ORDERED** that Ericsson's Motion for Leave to Intervene is **GRANTED**. Ericsson is **ORDERED** to file its Answer in Intervention within seven (7) days of the issuance of this Order. In view of this order, the Court will consider any motion to amend the scheduling order to grant Ericsson time to prepare its *Markman* briefing.

SIGNED this 8th day of October, 2021.

ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE