IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| TOT POWER CONTROL, S.L., <br><br> Plaintiff, <br><br> v. <br><br> AT&T MOBILITY LLC, <br><br> Defendant, <br><br> NOKIA OF AMERICA CORPORATION, <br><br> Intervenor-Defendant, <br><br> ERICSSON INC., <br><br> Intervenor-Defendant. | C.A. No. 6:21-cv-00107-ADA <br><br> **JURY TRIAL DEMANDED** |

**TOT POWER CONTROL, S.L.'S ANSWER TO INTERVENOR-DEFENDANT ERICSSON INC.'S COUNTERCLAIMS**

Plaintiff/Counterclaim-Defendant TOT Power Control, S.L. ("TOT"), by and through its undersigned counsel, hereby responds to the counterclaims in *Ericsson Inc.'s Answer In Intervention, Affirmative Defenses, and Counterclaim to TOT Power Control, S.L.'S Complaint* (Dkt. 62) ("Counterclaims") as follows:

**THE PARTIES**

1. Intervenor Ericsson Inc. ("Ericsson") is a Delaware corporation with its principal place of business at 6300 Legacy Drive, Plano, Texas 75024.

**ANSWER:** TOT admits the allegations in Paragraph 1 of the Counterclaims.

2. Based on assertions by TOT Power Control, S.L.'s ("TOT"), TOT is limited liability company organized and existing under the laws of Spain with its principal place of business at C/ Gobelas 17, 1st floor, Urb. La Florida 28023 Madrid, Spain.

**ANSWER:** TOT admits the allegations in Paragraph 2 of the Counterclaims.

3. Based on the assertions by TOT, TOT has substantial rights and interest in United States Patent Nos. 7,496,376 (the "'376") Patent and 7,532,865 (the "'865 Patent") (collectively the "Patents-in-Suit").

**ANSWER:** TOT admits the allegations in Paragraph 3 of the Counterclaims.

4. TOT has sued Ericsson's customer, AT&T Mobility LLC ("AT&T") with respect to the Patents-in-Suit in the Western District of Texas Case No. 6:21-cv-00107-ADA (the "AT&T Case").

**ANSWER:** TOT admits that it has sued AT&T alleging infringement of the Patents-in-Suit in the Western District of Texas in Case No. 6:21-cv-00107-ADA. TOT denies any remaining allegations in Paragraph 4 of the Counterclaims.

5. TOT's Complaint in the AT&T Case alleges infringement based, in part, upon functionality implemented by network equipment and technology supplied by Ericsson to AT&T.

**ANSWER:** TOT admits that Wideband CDMA base transmission stations are supplied to AT&T by, inter alia, Ericsson, and include Radio Network Controllers and Node-Bs. TOT denies any remaining allegations in Paragraph 5 of the Counterclaims.

6. In response, AT&T has tendered an indemnity demand to Ericsson with respect to the Patents-in-Suit.

**ANSWER:** TOT denies the allegations in Paragraph 6 of the Counterclaims.

## JURISDICTION AND VENUE

7. This is an action for a declaration that Ericsson's products and services do not infringe each and every claim of the Patents-in-Suit. Accordingly, this Court has subject matter jurisdiction under the Federal Declaratory Judgment Act, Title 28, United States Code §§ 2201 and 2202, and under Title 28, United States Code §§ 1331 and 1338(a).

**ANSWER:** TOT admits that, for the purposes of this action only, this Court has subject matter jurisdiction under Federal Declaratory Judgment Act, Title 28, United States Code §§ 2201 and 2202, and under Title 28, United States Code §§ 1331 and 1338(a). TOT denies any remaining allegations in Paragraph 7 of the Counterclaims.

8. TOT is subject to personal jurisdiction of this Court by virtue of the Complaint for Patent Infringement ("Complaint") that TOT filed in this Court in the AT&T Case.

**ANSWER:**   TOT admits that, for purposes of this action only, this Court has personal jurisdiction over TOT.  TOT denies any remaining allegations in Paragraph 8 of the Counterclaims.

9.      Under 28 U.S.C. §§ 1391 and 1400(b), venue is proper for Ericsson's counterclaims against TOT.

**ANSWER:**   TOT admits that for purposes of this action only, venue is proper for Ericsson's counterclaims against TOT.  TOT denies any remaining allegations in Paragraph 9 of the Counterclaims.

10.     Ericsson brings the following counterclaims against TOT:

**ANSWER:**  TOT does not believe a response is required Paragraph 10 of the Counterclaims but denies any allegations in Paragraph 10 of the Counterclaims.

## COUNT ONE
## DECLARATORY JUDGMENT OF INVALIDITY OF THE '376 PATENT

11.     Ericsson realleges and incorporates by reference the allegations in Paragraphs 1-10 as though fully set forth here.

**ANSWER:**  TOT repeats its responses to the allegations in Paragraphs 1–10 of the Counterclaims as if set forth fully herein in response to Paragraph 11 of the Counterclaims.

12.     TOT has asserted that AT&T infringes the '376 Patent.

**ANSWER:**  TOT admits the allegations in Paragraph 12 of the Counterclaims.

13.     An actual, substantial, and continuing justiciable controversy exists between Ericsson and TOT with respect to infringement of the '376 Patent.

**ANSWER:**  TOT denies the allegations in Paragraph 13 of the Counterclaims.

14.     Ericsson has not infringed and does not infringe any valid and enforceable claim of the '376 Patent literally, directly, indirectly (such as contributorily or by way of inducement), willfully, or under the doctrine of equivalents.

**ANSWER:**  TOT denies the allegations in Paragraph 14 of the Counterclaims.

15.     There is an actual controversy, within the meaning of 28 U.S.C. §§ 2201 and 2202 between Ericsson and TOT as to whether Ericsson has infringed or infringes any valid and enforceable claim of the '376 Patent.

**ANSWER:**  TOT denies the allegations in Paragraph 15 of the Counterclaims.

16.  A judicial declaration concerning these matters is necessary and appropriate so that Ericsson can ascertain its rights regarding the '376 Patent.

**ANSWER:**  TOT denies the allegations in Paragraph 16 of the Counterclaims.

**COUNT TWO**
**INVALIDITY OF THE '376 PATENT**

17.  Ericsson realleges and incorporates by reference the allegations in Paragraphs 1-16 as though fully set forth here.

**ANSWER:**  TOT repeats its responses to the allegations in Paragraphs 1–16 of the Counterclaims

as if set forth fully herein in response to Paragraph 17 of the Counterclaims.

18.  Ericsson contends that the asserted claims of the '376 Patent are invalid pursuant to one or more of the provisions of Title 35 of the United States Code, including, but not limited to, 35 U.S.C. §§ 101 (lack of patentable subject matter), 102 (anticipation), 103 (obviousness), and/or 112 (indefiniteness and failure to satisfy the written description and/or enablement requirements).

**ANSWER:**  TOT denies the allegations in Paragraph 18 of the Counterclaims.

19.  Ericsson is informed and believes, and on that basis alleges, that TOT contends that the '376 Patent is valid and enforceable.

**ANSWER:**  TOT admits the allegations in Paragraph 19 of the Counterclaims.

20.  Accordingly, a valid and justiciable controversy has arisen and exists between TOT and Ericsson.  Ericsson desires a judicial determination and declaration of the respective rights and duties of the parties herein. Such a determination and declaration is necessary and appropriate at this time so that parties may ascertain their respective rights and duties.

**ANSWER:**  TOT denies the allegations in Paragraph 20 of the Counterclaims.

21.  Ericsson is entitled to a declaratory judgment that the asserted claims of the '376 Patent are invalid.

**ANSWER:**  TOT denies the allegations in Paragraph 21 of the Counterclaims.

**COUNT THREE**
**DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '865 PATENT**

22.  Ericsson realleges and incorporates by reference the allegations in Paragraphs 1-21 as though fully set forth here.

**ANSWER:** TOT repeats its responses to the allegations in Paragraphs 1–21 of the Counterclaims as if set forth fully herein in response to Paragraph 22 of the Counterclaims.

23.  TOT has asserted that AT&T infringes the '865 Patent.

**ANSWER:** TOT admits the allegations in Paragraph 23 of the Counterclaims.

24.  An actual, substantial, and continuing justiciable controversy exists between Ericsson and TOT with respect to infringement of the '865 Patent.

**ANSWER:** TOT denies the allegations in Paragraph 24 of the Counterclaims.

25.  Ericsson has not infringed and does not infringe any valid and enforceable claim of the '865 Patent literally, directly, indirectly (such as contributorily or by way of inducement), willfully, or under the doctrine of equivalents.

**ANSWER:** TOT denies the allegations in Paragraph 25 of the Counterclaims.

26.  There is an actual controversy, within the meaning of 28 U.S.C. §§ 2201 and 2202 between Ericsson and TOT as to whether Ericsson has infringed or infringes any valid and enforceable claim of the '865 Patent.

**ANSWER:** TOT denies the allegations in Paragraph 26 of the Counterclaims.

27.  A judicial declaration concerning these matters is necessary and appropriate so that Ericsson can ascertain its rights regarding the '865 Patent.

**ANSWER:** TOT denies the allegations in Paragraph 27 of the Counterclaims.

**COUNT FOUR**
**INVALIDITY OF THE '865 PATENT**

28.  Ericsson realleges and incorporates by reference the allegations in Paragraphs 1-27 as though fully set forth here.

**ANSWER:** TOT repeats its responses to the allegations in Paragraphs 1–27 of the Counterclaims as if set forth fully herein in response to Paragraph 28 of the Counterclaims.

29.  Ericsson contends that the asserted claims of the '865 Patent are invalid pursuant to one or more of the provisions of Title 35 of the United States Code, including, but not limited to, 35 U.S.C. §§ 101 (lack of patentable subject matter), 102 (anticipation), 103 (obviousness), and/or 112 (indefiniteness and failure to satisfy the written description and/or enablement requirements).

**ANSWER:** TOT denies the allegations in Paragraph 29 of the Counterclaims.

30. Ericsson is informed and believes, and on that basis alleges, that TOT contends that the '865 Patent is valid and enforceable.

**ANSWER:** TOT admits the allegations on Paragraph 30 of the Counterclaims.

31. Accordingly, a valid and justiciable controversy has arisen and exists between TOT and Ericsson. Ericsson desires a judicial determination and declaration of the respective rights and duties of the parties herein. Such a determination and declaration is necessary and appropriate at this time so that parties may ascertain their respective rights and duties.

**ANSWER:** TOT denies the allegations in Paragraph 31 of the Counterclaims.

32. Ericsson is entitled to a declaratory judgment that the asserted claims of the '865 Patent are invalid.

**ANSWER:** TOT denies the allegations in Paragraph 32 of the Counterclaims.

Dated:  November 5, 2021

Respectfully submitted,

By: /s/ Mark S. Raskin

Mark S. Raskin
John F. Petrsoric
KING & WOOD MALLESONS LLP
500 5th Avenue, 50th Floor
New York, New York 10110
(212) 319-4755
mark.raskin@us.kwm.com
john.petrsoric@us.kwm.com

*Attorneys for Plaintiff*
*TOT Power Control, S.L.*

OF COUNSEL:

Erick S. Robinson
Texas Bar No. 24039142
erobinson@porterhedges.com
PORTER HEDGES LLP
1000 Main Street, 36th Floor
Houston, Texas 77002
TEL: (713) 226-6615
FAX: (713) 226-6215

## CERTIFICATE OF SERVICE

I hereby certify that on November 5, 2021, the foregoing was filed electronically in compliance with Local Rule CV-5(b)(1) and served via the Court's electronic filing system on all counsel who have consented to electronic service.

/s/ Mark S. Raskin
Mark S. Raskin
